IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 JUL 31 P 2: 37

CLERK _____
S.D. DIST. OF GA.

| | | |
|---|---|---|
| SAMMY LEVI GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-086 |
| | ) | |
| STATE OF GEORGIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Sammy Levi Gay, an inmate at Augusta State Medical Prison in Grovetown, Georgia, commenced the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On May 31, 2013, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty (30) days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1).

The Court's May 31st Order was returned to the Court, however, accompanied by a letter from the Warden's Office at ASMP stating that Plaintiff was currently housed in the Crisis Stabilization Unit ("CSU") at ASMP. (See doc. no. 4.) After confirming that Plaintiff was released from the CSU and would be able to receive legal mail, the Court, in an Order dated June 12, 2013, directed the Clerk to re-serve a copy of the May 31st Order on Plaintiff, along with the Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms, and provided him 30 days from the date of the June 12th Order to comply with the

terms of the May 31st Order. (See doc. no. 5, pp. 1-2.) The Court directed prison officials to deliver the June 12th Order and all enclosures to Plaintiff immediately upon receipt. (See id. at 2.)

Moreover, Plaintiff was cautioned in the Court's May 31st Order that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 3.) The time to respond, as extended by the Court's June 12th Order, has passed, and Plaintiff has not submitted the documents required by the Court's May 31st Order, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (*per curiam*) (citing 28 U.S.C. § 1915). Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 31st day of July, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE